JAMES E. WHITMIRE, III ESQ.
Nevada Bar No. 6533
BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 7612
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308

*Attorneys for Defendant Wal-Mart Stores, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET PICUS, an individual; on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.; MENU FOODS INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: |

### NOTICE OF REMOVAL BY DEFENDANT WAL-MART, STORES, INC.

Defendant WAL-MART STORES, INC. ("WAL-MART"), through undersigned counsel, hereby removes the above-captioned action from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and respectfully files this Notice of Removal ("Notice") and states:

### INTRODUCTION

1. On April 30, 2007, Margaret Picus, on behalf of herself and on behalf of all others similarly situated (collectively "Plaintiff"), commenced this action in the Eighth Judicial District Court, Clark County Nevada, assigned Case No. A540315.

- 1 -

03027-12/171645

2.  As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and this action is removable under 28 U.S.C. § 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441(a), WAL-MART may remove this action to this Court.

I. **WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS REMOVAL**

3.  On May 8, 2007, WAL-MART was served with a copy of Plaintiff's Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon WAL-MART are attached as composite Exhibit A.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

5.  No previous application has been made for the relief requested herein.

6.  WAL-MART, in good faith, believes that the amount in controversy exceeds $5,000,000, exclusive of costs and interest, diversity of citizenship exists, and the proposed class, in the aggregate, exceeds 100 members.

7.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of the Eight Judicial District Court, Clark County, Nevada.

II. **THIS COURT HAS SUBJECT MATTER JURISDICTION**

8.  The Class Action Fairness Act of 2005 ("CAFA") extends federal jurisdiction over any class action in which (1) minimal diversity exists, (2) the number of putative class

03027-12/171645

members exceeds 100, and (3) the amount in controversy, in the aggregate, exceeds $5,000,000. 28 U.S.C. § 1332(d).

### A. Minimal Diversity of Citizenship Exists.

9. In this case, minimal diversity of citizenship exists between Plaintiff and the Defendants. Pursuant to CAFA, diversity in a class action is established when "any member of a class of plaintiffs is a citizen of a State different from *any defendant*." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). Furthermore, pursuant to 28 U.S.C. § 1453(b) "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." See 28 U.S.C. § 1453(b).

    a. For purposes of diversity, a person is considered to be a citizen of the state in which he or she is domiciled. See Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). In her Complaint, Plaintiff alleges that she is a resident of Nevada. (Compl. ¶ 13.) Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Nevada is the state in which Plaintiff is domiciled and, therefore, the state of which she is a citizen.[1]

    b. WAL-MART is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). WAL-MART is thus deemed to be a citizen of Delaware and Arkansas, and not the State of Nevada.

---

[1] According to public records, Plaintiff resides at and has a car registered at 1120 Cathredral Ridge St., Henderson, Nevada.

03027-12/171645

c.  Upon information and belief, Defendant MENU FOODS is, and was at the time Plaintiff commenced this action, a New Jersey corporation with its principal executive offices located in New Jersey. Accordingly, MENU FOODS is deemed to be a citizen of New Jersey, and not the State of Nevada.

d.  Upon information and belief, Defendant DEL MONTE FOODS COMPANY is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business located in California. Accordingly, DEL MONTE FOODS COMPANY is deemed to be a citizen of Delaware and California, and not the State of Nevada.

e.  Upon information and belief, Defendant SUNSHINE MILLS, INC. is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business located in Alabama. Accordingly, SUNSHINE MILLS, INC. is deemed to be a citizen of Delaware and Alabama, and not the State of Nevada.

f.  Upon information and belief, Defendant CHEMNUTRA INC. is, and was at the time Plaintiff commenced this action, a Nevada corporation with its principal place of business located in Nevada.

g.  The "DOE" Defendants are wholly fictitious and sham parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the citizenship of any defendant sued under this fictitious name. See 28 U.S.C. § 1441(a) (citizenship of defendants sued under fictitious names are properly ignored for purposes of removal).

10.  Pursuant to 28 U.S.C. § 1453(b) "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without the consent of all defendants." See 28 U.S.C. § 1453 (b). Accordingly, it is not necessary that any of the other

defendants, which upon information and belief have not yet been served in this action, consents or joins in this Notice.

### B. The Putative Class Exceeds 100 Members.

11. The putative class in this action consists of "millions of Class Members." (Compl. ¶22 a.) Accordingly, the numerosity requirement of CAFA is satisfied. 28 U.S.C. § 1332 (d)(5)(B).

### C. The Amount in Controversy Requirement Exceeds $5,000,000.

12. Plaintiff filed this putative class action on behalf of all other similarly situated individuals in the United States who purchased at least 16 different "Ol' Roy" brand pet food products manufactured, distributed, and sold by Defendants throughout the State of Nevada and the rest of the country. (Compl. ¶ 1.)

13. Plaintiff seeks recovery under the Nevada Deceptive Trade Practices Act ("NDTPA"), NRS §§ 41.600, 598.0915, for the alleged "fraudulent misrepresentation, concealment, suppression and omission of such material facts, all in violation of the applicable Consumer Fraud and Deceptive Business Practices Act." (Compl. ¶ 31.) Plaintiff also asserts a fraud claim and alleges that the "'Made in USA' designation was used on each package to give the appearance that the product was made in the USA, by United States workers and farmers, and under the protection of United States laws, when in fact, the Defendants knew or should have known that Ol' Roy brand pet food products were comprised of component(s) that were made and/or manufactured outside of the United States." (Compl. ¶ 39 d.) Lastly, Plaintiff asserts a cause of action against Defendants for unjust enrichment, claiming that "Defendants sold the Ol' Roy brand pet food products with the false designation that the Ol' Roy brand pet food products were 'Made in USA' and thereby unjustly reaped benefits and profits from consumers and the Class as a result of these representations." (Id. ¶ 46.) Furthermore, Plaintiff seeks

03027-12/171645

"disgorgement" (Compl. ¶ 23) and her prayer for relief seeks damages and/or restitution in an amount to be determined at trial, injunctive relief, costs and disbursements, including attorneys' fees.

14.   Plaintiff makes no specific allegation regarding the amount in controversy. "When a complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." <u>Lowdermilk v. United States Bank National Association</u>, 479 F.3d 994, 998 (9th Cir. 2007) <u>quoting</u> <u>Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676 (9th Cir. 2006).  In this case, Plaintiff's allegations confirm that the amount in controversy exceeds $5,000,000.  Plaintiff purports to represent millions of consumers "throughout the United States" (Compl. ¶ 22 a.) with respect to their purchases of "millions of units of Ol' Roy brand pet food products." (Compl. ¶ 28).  Plaintiff further alleges that at least 16 different Ol' Roy, and possibly more, pet food products are at issue.  (Compl. ¶ 1).  The alleged time period at issue is "prior to March 16, 2007" and likely spans months or years.  (Compl. ¶ 28.)  This action thus seeks damages and disgorgement on behalf of millions of consumers in all 50 states who collectively purchased "millions" of units of at least 16 different types of Ol' Roy products during an unspecified time period likely spanning years.  Accordingly, it is clear that the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

## CONCLUSION

15.   This case should be removed to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332 and 1441 because (1) Plaintiff is a citizen of the State of Nevada; (2) WAL-MART is not a citizen of the State of Nevada; (3) the proposed class exceeds 100 class members; and (4) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

"disgorgement" (Compl. ¶ 23) and her prayer for relief seeks damages and/or restitution in an amount to be determined at trial, injunctive relief, costs and disbursements, including attorneys' fees.

14.     Plaintiff makes no specific allegation regarding the amount in controversy. "When a complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." <u>Lowdermilk v. United States Bank National Association</u>, 479 F.3d 994, 998 (9th Cir. 2007) <u>quoting</u> <u>Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676 (9th Cir. 2006).  In this case, Plaintiff's allegations confirm that the amount in controversy exceeds $5,000,000.  Plaintiff purports to represent millions of consumers "throughout the United States" (Compl. ¶ 22 a.) with respect to their purchases of "millions of units of Ol' Roy brand pet food products." (Compl. ¶ 28). Plaintiff further alleges that at least 16 different Ol' Roy, and possibly more, pet food products are at issue. (Compl. ¶ 1). The alleged time period at issue is "prior to March 16, 2007" and likely spans months or years. (Compl. ¶ 28.) This action thus seeks damages and disgorgement on behalf of millions of consumers in all 50 states who collectively purchased "millions" of units of at least 16 different types of Ol' Roy products during an unspecified time period likely spanning years. Accordingly, it is clear that the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

## CONCLUSION

15.     This case should be removed to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332 and 1441 because (1) Plaintiff is a citizen of the State of Nevada; (2) WAL-MART is not a citizen of the State of Nevada; (3) the proposed class exceeds

/ / /

/ / /

03027-12/171645

100 class members; and (4) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

DATED this 25 day of May, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON


_____
JAMES E. WHITMIRE, III, ESQ.
Nevada Bar No. 6533
BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 7612
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

Attorneys for Defendant Wal-Mart Stores, Inc.

03027-12/171645