1  Dawn J. Grossman
   Nevada Bar No. 6328
2  COZEN O'CONNOR
   Suite 1610, 501 West Broadway
3  San Diego, CA 92101
   Telephone: 619.234.1700
4  Toll Free Phone: 800.782.3366
   Facsimile: 619.234.7831

5
   Designation For Service Only:
6  Delanoy, Schuetze, McGaha & Provost
   601 South Rancho Drive, Suite C-20
7  Las Vegas, NV 89106

8  Attorneys for Defendant
   DEL MONTE FOODS COMPANY
9

10              UNITED STATES DISTRICT COURT

11                  DISTRICT OF NEVADA

12  MARGARET PICUS, an individual; on behalf    )  Case No.: CV-S-00682-PMP-LRL
    of herself, and on behalf of others similarly  )
13  situated,                                    )  **DEL MONTE FOODS COMPANY'S**
                                                 )  **MEMORANDUM OF POINTS AND**
14                 Plaintiffs,                   )  **AUTHORITIES IN SUPPORT OF**
                                                 )  **MOTION TO DISMISS CLASS**
15      vs.                                      )  **ACTION COMPLAINT FOR**
                                                 )  **FAILURE TO STATE A CLAIM**
16  WAL-MART STORES, INC.; MENU FOODS           )
    INC; DEL MONTE FOODS COMPANY;                )  **(ORAL ARGUMENT REQUESTED)**
17  SUNSHINE MILLS, INC.; CHEMNUTRA,            )
    INC.; and DOES 1 through 100, inclusive,     )  **[FED.R.CIV.P. 12(b)(6)]**
18                                               )
                   Defendants.                   )  Complaint filed:  April 30, 2007
19                                               )  Removal Date:    May 25, 2007
                                                 )
20                                               )  [Accompanying Documents:
                                                 )   NOTICE OF MOTION AND
21                                               )   MOTION; PROPOSED ORDER;
                                                 )
22  _____ )

23        Defendant Del Monte Foods Company ("Del Monte") submits the following

24  Memorandum of Points and Authorities in support of its Motion to Dismiss for Failure to

25  State a Claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal

26  Rules of Civil Procedure, stating as follows:

27  ///

28  ///

## I.    INTRODUCTION

Margaret Picus, on behalf of herself and all others similarly situated, filed a Class Action Complaint on or about April 30, 2007 in Clark County, Nevada.    Defendants removed the state court Complaint to the United States District Court for the District of Nevada on May 25, 2007.  Plaintiff alleges that she and other consumers purchased pet food products, primarily the "Ol' Roy" brand, from the defendants as products "Made in USA," but that Defendants failed to disclose that their products contained components imported from outside the United States. [Complaint at ¶ 1]. Plaintiff alleges that product label stating "Made in USA" was false because a portion of the pet food product was manufactured in whole or in part in China.  [Complaint at ¶ 4].  Plaintiff claims that the use of foreign components in a product claiming to be "Made in USA" is a fraudulent representation of geographic origin in violation of the federal regulations of the Federal Trade Commission and the laws of various states, including but not limited to Nevada. [Complaint at ¶ 8 & 23]. Plaintiff claims she learned that a wheat gluten ingredient in the pet food was imported from China during 2007 when the Defendants engaged in the recall of their pet food products due to the presence of chemical not authorized for use in the United States. [Complaint at ¶ 12]. Plaintiff's Complaint alleges violations of federal law, including the Federal Trade Commission Act and regulations, [Complaint at ¶8, 23 & 27], and violations of the Deceptive Trade Practices Acts of the State of Nevada, California, Arkansas, Alabama and Delaware. [Complaint at ¶ 27, 30 & 35]. The Second Count of the Complaint alleges fraud [Complaint at ¶ 37—41] and the Third Count alleges Unjust Enrichment. [Complaint at ¶ 43-48]. Plaintiff's Complaint seeks certification of a class action, restitution, declaratory relief, injunctive relief, disgorgement, and attorney's fees and interest.

Plaintiff referenced the recall of pet food products in her Complaint. [Complaint at ¶12]. Del Monte issued its recall as a precautionary measure in April, 2007. [See, Exhibit "A" to Grossman Affidavit].[1]    The recall notice specifically identified the products

---

[1] As described in Section III. A., *infra*, a District Court may consider documents referenced in the Complaint without converting the Motion to Dismiss into a Motion for Summary Judgment.  Del Monte attaches its recall notice pursuant to Fed.R.Civ.P. 10(c).

1   voluntarily recalled and advised consumers that all voluntarily recalled products would be
2   refunded. [See, Exhibit "A" to Grossman Affidavit]. Further, the recall removed all of Del
3   Monte's affected brands and products from store shelves. [See, Exhibit "A" to Grossman
4   Affidavit].

5   Del Monte files this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the
6   grounds that Plaintiff has failed to state a claim for which relief can be granted on their First
7   and Third claims for relief. In addition, Plaintiff is not entitled to the legal remedies of
8   disgorgement, restitution, or injunctive relief.

9   ## II.   LEGAL STANDARD FOR MOTION TO DISMISS

10   Rule 12(b)(6) of the Federal Rule of Civil Procedure authorizes a motion to dismiss
11   where the Complaint fails to state a claim upon which relief can be granted. A Rule 12(b)(6)
12   motion tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.,
13   2001). Dismissal under Rule 12(b)(6) may be based upon the lack of a cognizable legal
14   theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v.
15   Pacifica Police Department, 901 F.2d 696, 699 (9th Cir., 1990). The court must accept as
16   true all material allegations in the Complaint as well as all reasonable inferences that may be
17   drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir., 2000).
18   Although the courts assume the factual allegations to be true, courts should not assume the
19   truth of legal conclusions merely because they are cased in the form of factual allegations.
20   W. Mining Council v. Watt, 643 F.2d 618, 624 (9th cir. 1981). Dismissal for failure to state a
21   claim is proper only if the plaintiff can prove no set of facts in support of the claim that
22   would entitle him or her to relief. Williamson v. General Dynamics Corp., 208 F.3d 1144,
23   1149 (9th Cir., 2000). In considering a motion to dismiss, the court asks only whether the
24   pleadings are sufficient to establish a claim, not whether the plaintiff could find evidence to
25   support the pleadings. Western Shoshone National v. United States, 415 F.Supp. 2d 1201,
26   1204 (D. Nev., 2006).

27   ///
28   ///

3

# III.   LEGAL ANALYSIS

**A.**   **Attaching Exhibit "A" under Fed.R.Civ.P. 10(c) Does Not Convert Defendant's Rule 12(b)(6) Motion into a Motion for Summary Judgment.**

Paragraph 12 of Plaintiffs' Complaint references "the 2007 recall of many Ol' Roy brand pet food products…." Pursuant to Rule 10C of the Federal Rules of Civil Procedure, statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.

The court may consider certain materials – documents attached to the Complaint, documents *incorporated by reference in the Complaint* or matters of judicial notice without converting the Motion to Dismiss into a Motion for Summary Judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003), citing Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Even if a document is not attached to the Complaint, it may be incorporated by reference through a Complaint if the document forms a basis of the Plaintiffs' claim. U.S. v. Ritchie, supra, citing Van Buskirk v. CNN, 284 F.3d at 980; Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); Venture Assoc. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). If the Defendant offers such a document, the court may treat the document as part of the Complaint and thus may assume its contents are true for purposes of a Motion to Dismiss under Rule 12(b)(6). U.S. v. Ritchie, supra at 908. See also International Audio Text Network, Inc. v. American Telephone and Telegraph Company 62 F.3d 69, 72 (2d Cir. 1995). [The Complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. (Citations omitted.)] Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). [Documents that a Defendant attaches to a Motion to Dismiss are considered part of the pleadings if they are referred to in the Plaintiff's Complaint and are central to her claim. (Citations omitted.)] Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974). [If the appended document, to be treated as part of the Complaint for all

4

1    purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter

2    of law, dismissal is appropriate. (Citations omitted.)]

3            In the instant case, it is clear that Plaintiffs incorporated by reference the terms of the

4    product recall [Complaint at ¶12.]  Accordingly, the Court should consider the recall notice

5    as an attachment to the Complaint and not as an extraneous document.

6    **B.      Plaintiff(s) Have No Private Right of Action under Federal Law.**

7            While the Complaint is nominally styled as an action under state law, the Complaint

8    alleges violations of and seeks remedies under the Federal Trade Commission Act.  For

9    instance, Plaintiff cites Federal Trade Commission regulation in paragraph 8, claims

10   violations of the Federal Trade Commission Act in paragraphs 22(b) and 23,  and seeks

11   declaratory relief that Defendants violated "federal" and state law.  [*See*, Addendum clause,

12   part 3].  The Plaintiff boldly cited the Federal Trade Commission Act in paragraph 22(b)

13   claiming that Defendants' conduct violated the Act.  The Plaintiff, however, has no private

14   right of action under the Federal Trade Commission Act.  Holloway v. Bristol-Meyers Corp.,

15   485 F.2d 986, 989 (D.C.Cir., 1973); American Airlines v. Christensen, 967 F.2d 410, 414

16   (10th Cir., 1992); Carlson v. Coca-Cola Co., 483 F.2d 279, 280(9th Cir., 1973).  The Federal

17   Trade Commission Act is enforced exclusively by the Federal Trade Commission.  United

18   States v. Philip Morris Inc., 263 F.Supp. 2d 72, 78 (D.D.C., 2003).   Plaintiff cannot

19   circumvent this rule by styling her action as one seeking declaratory relief that Defendants'

20   conduct violated the Federal Trade Commission Act.  Floersheim v. Engman, 494 F.2d 949,

21   954 (D.D.C., 1973)(action for declaratory judgment is not authorized by the Federal Trade

22   Commission Act).  Consequently, Plaintiff has no legally cognizable claim under the Federal

23   Trade Commission Act and may not recover for what she claims are violations of that federal

24   statute.

25   ///

26   ///

27   ///

28

**C.** **Plaintiffs Fail to State a Claim that Authorizes the Legal Remedies of Restitution, Disgorgement and/or Injunctive Relief**

Count One of Plaintiff's Complaint purports to allege a cause of action under Nevada's Deceptive Trade Practices Act ("DTPA"). While Section 41.600 appears to allow a private cause of action for certain conduct, the statute restricts the remedies available for this private right of action. The statute provides, in pertinent part:

> If the claimant is the prevailing party, the court shall award him:
>
> (a)    Any damages that he has sustained; and
>
> (b)    His costs in the action and reasonable attorney's fees.

N.R.S. § 41.600(3).

The available remedies are specified by the statute creating the cause of action. Those remedies do not permit a private plaintiff to recover restitution, disgorgement or injunctive relief. Importantly, the DTPA does provide for restitutionary and injunctive relief in other sections of the statute not applicable here. For instance, restitutionary or injunctive relief is permitted in favor of the Commissioner of Consumer Affairs, N.R.S. § 598.0971(2)(a) & (c), or where the action is brought by the Attorney General, N.R.S. § 598.0963 or brought by a district attorney, N.R.S. § 598.0985. Although these remedies are given in other portions of the statute, they are notably absent in the subsection creating a private right of action. The presence of these remedies in one section of the statute, but not the other, evidences a clear legislative intent to restrict the remedies available to private plaintiffs.

The language of Section 41.600(3) also effectively rules out the possibility of preliminary injunctive relief. An award under Section 41.600(3) is available only to a "prevailing party." Ordinarily, a party cannot qualify as a prevailing party unless the case has proceeded to a monetary judgment. Dimick v. Dimick, 112 Nev. 402, 404-05, 915 P.2d 254, 256 (1996)(court has consistently held that party cannot be a 'prevailing party' where the action has not proceeded to a judgment). By way of contrast, Plaintiff here seeks injunctive relief "during the pendency of this action" which is well before any judgment could be entered. [See, Addendum Clause at ¶4, line 13]. By definition, an injunction

1   "during the pendency of an action" cannot be entered in favor of a "prevailing party" for the

2   simple reason that, at the time of the interim injunction, a prevailing party does not yet exist.

3   No matter how you slice it, the relief sought by this Plaintiff is inconsistent with the statute

4   on which the Plaintiff relies.  By confining statutory remedies to a "prevailing party," the

5   legislature eliminated injunctive relief as a possible remedy for private plaintiffs under

6   Section 41.600.  Injunctive relief, conspicuous by its absence as an authorized remedy, is

7   also wholly incompatible with the statutory language identifying remedies available to

8   private plaintiffs.

9          Equally important, Nevada law considers restitution and damages as alternative

10   remedies.  Mullinix v. Morse, 81 Nev. 451, 454, 406 P.2d 298 (Nev. 1968).  Election of one

11   is a bar to invoking the other.  Id.  Since the legislature chose monetary damages as the

12   appropriate remedy for private causes of action under Section 41.600, the Plaintiff is not free

13   to substitute a different, inconsistent remedy.

14          The Plaintiff who relies upon a statutory cause of action is confined to the remedies

15   set forth in the enabling statute.  Section 41.600 does not authorize the remedies asserted in

16   the Complaint.  Consequently, the Plaintiff has no cognizable right to recover restitution,

17   disgorgement or injunctive relief under the DTPA.

18   **D.**     **Plaintiff Fails to State a Cause of Action for Unjust Enrichment.**

19          Unjust enrichment is an equitable remedy.  MacDonald v. Krause, 77 Nev. 312, 318,

20   362 P.2d 724, 727 (Nev., 1961)(unjust enrichment is grounded in equity).  Nevada law

21   provides that a court lacks authority to grant equitable relief where an adequate remedy

22   exists at law.  Las Vegas Valley Water District v. Curtis Park Manor Water Users Assoc., 98

23   Nev. 275, 278, 646 P. 2d 549, 551 (Nev., 1982).  Indeed, a court of equity has no jurisdiction

24   unless the plaintiff lacks an adequate remedy at law.  State ex rel. Nenzel v. Second Judicial

25   District Court in and for Washoe County, 49 Nev. 145, 241 P. 317, 322 (Nev., 1925).  In this

26   case, the Plaintiff pled both a statutory remedy under the DTPA and a common law claim

27   alleging fraud.  Judging from Plaintiff's Complaint, she has alleged an adequate remedy at

28   law.  Accordingly, there is no legal basis to seek unjust enrichment under Nevada law.

1   Further, even assuming that equitable relief is available, Plaintiff's allegations in this

2   case destroy the legal basis for that relief.  The essential elements of a claim for unjust

3   enrichment are a benefit conferred upon the defendant by the plaintiff, appreciation of the

4   defendant of such benefit, and acceptance and *retention by the defendant* of such benefit.

5   Topaz Mut. Co., Inc. v. Marsh, 108 Nev. 845, 856, 839 P.2d 606,613 (Nev., 1992)(emphasis

6   supplied).  Here, the Complaint alleges the recall of pet food products at issue in the case.

7   [*See*, Complaint at ¶s 12 & 39d].  The recall notice attached to this Motion pursuant to

8   Fed.R.Civ.P. 10(c) demonstrates that the products were recalled and offer for a refund of the

9   purchase price was made.  Accordingly, the facts revealed in the Complaint show that no

10  benefit was retained by the Defendant.  The averment of a recall effectively destroys one of

11  the elements essential to the cause of action.  Based upon the averments of the Complaint,

12  there is no legally cognizable claim for unjust enrichment.

13  **E.      Plaintiff, a Nevada Resident, Has No Cause of Action under Statutes from the States of California, Arkansas, Alabama or Delaware.**

14

15  The Compliant alleges that defendants violated their statutory duty under the laws of

16  Nevada, California, Arkansas, Alabama and Delaware. [*See*, Compliant at ¶ 30].   The

17  Complaint also alleges that Plaintiff, a resident of Nevada, purchased pet food products in

18  Henderson, Nevada.  [*See*, Complaint at ¶ 13].  Nothing in the Complaint alleges that

19  Plaintiff's purchase or use of pet food took place in or was in any way connected to the

20  States of California, Arkansas, Alabama or Delaware.  The State of Nevada was apparently

21  the only State in which the Plaintiff made her purchase and/or suffered the damages alleged.[2]

22  Other than her home state of Nevada, the Complaint fails to state that Plaintiff has the

23  requisite minimum contacts with any state sufficient under the Due Process Clause to justify

24  application of another state's law to her Nevada purchase.  As the Supreme Court has

25  observed, for a state's substantive law to be selected in a constitutionally permissibly

26  manner, that state must have a significant contact or aggregation of contacts, creating state

27  _____

28  [2] The Complaint avers that "Plaintiff was injured," [*see*, Complaint at ¶ 36], or that the allegations "caused damage to Plaintiff." [*See*, Complaint at ¶ 42]. The Complaint does not specify how Plaintiff was injured.

1  interests, such that choice of its law is neither arbitrary nor fundamentally unfair. Allstate
2  Ins. Co. v. Hague, 449, U.S. 302, 312-13 (1981). While most of the reported cases concern
3  the attempt of a forum state to apply its own law to an out of state transaction, Phillips
4  Petroleum Co. v. Shutts, 472 U.S. 797, 821 (1985), the same analysis would apply where, as
5  here, the Plaintiff asks the forum state to apply the law of another state to a transaction
6  within the forum. Since California, Arkansas, Alabama and Delaware have no connection to
7  the transaction described in Plaintiff's Complaint, the laws of those states cannot
8  constitutionally be applied to the Plaintiff's transaction. Stated differently, the Plaintiff has
9  no legally cognizable claim under the laws of California, Arkansas, Alabama or Delaware.

10        Moreover, the Plaintiff cannot meet the statutory requirements for a cause of action
11  under the law of these other states.  For instance, while the California Business &
12  Professions Code regulates use of "Made in USA" labels, the California statute is expressly
13  confined to a sale or offer to sell merchandise in this State.  Calif. Bus. & Prof. Code §
14  15733.7 (emphasis supplied).  On its face, the California statute does not apply to Plaintiff's
15  purchase which took place in Henderson, Nevada.  Likewise, the California Consumer Legal
16  Remedies Act requires notice prior to commencement of an action for damages.  Cal. Civ.
17  Code § 1782(a).  The Plaintiff cannot satisfy this statutory condition.  Further, the California
18  Statute provides that "no action shall be maintained" if an appropriate correction, repair,
19  replacement or other remedy is given …to the consumer."  Cal. Civ. Code § 1782(b).  Since
20  the Plaintiff affirmatively pled that Defendants recalled their products, the Plaintiff pled
21  herself out of a cause of action under the California statute.  Simply put, the Plaintiff has no
22  cause of action under statutes that exist outside her home State of Nevada.

23        Of course, the converse is also true.  Nevada law may not be arbitrarily applied to
24  govern the pet food purchases by out of state residents unless those out-of-state transactions
25  have the requisite minimum contacts with the State of Nevada. Allstate Ins. Co. v. Hague,
26  supra at 312-13.  The Complaint does not allege the requisite minimum contacts between the
27  State of Nevada and pet food purchases that may have taken place outside the Nevada
28

1    border.  In the absence of such minimum contacts, out of state purchasers have no legally

2    cognizable claim under Nevada's DTPA.

3                                    **IV.    CONCLUSION**

4            For the foregoing reasons, Defendant Del Monte Foods Company respectfully

5    requests that this Honorable Court grant its Motion to Dismiss without leave to amend.

6    DATED:  June 13, 2007                        COZEN O'CONNOR

7

8                                          By:  _Dawn Grossman_

9                                               Dawn J. Grossman
                                                 Nevada Bar No. 6328
10                                               COZEN O'CONNOR
                                                 Suite 1610, 501 West Broadway
11                                               San Diego, CA  92101
                                                 Telephone: 619.234.1700
12                                               Toll Free Phone: 800.782.3366
                                                 Facsimile: 619.234.7831

13                                               Designation For Service Only:
                                                 Delanoy, Schuetze, McGaha & Provost
14                                               601 South Rancho Drive, Suite C-20
                                                 Las Vegas, NV  89106
15
                                                 Attorneys for Defendant
16                                               DEL MONTE FOODS COMPANY

17

18   SAN_DIEGO\366847\1  203406.000

19

20

21

22

23

24

25

26

27

28